UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                              No. 05-cr-112-01/02-JD
                                        Opinion No. 2006 DNH 122
<u>Carlos Soto-Garcia</u>
<u>Luis Ortiz-Lara</u>

O R D E R

Defendant Carlos Soto-Garcia moved to exclude evidence of other crimes pursuant to Rules 404(b) and 403 of the Federal Rules of Evidence.[1] In that motion, he also argued that the evidence should be excluded because the government's late disclosure of its intent to offer Rule 404(b) evidence did not comply with the Local Rules. <u>See</u> LCrR 16.1(e) (providing that the government must disclose "the general nature of any evidence that it intends to introduce pursuant to Fed. R. Evid. 404(b)" at least seven days before trial). At a hearing on October 17,

---

[1] Rule 404(b) provides that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
    Rule 403 allows the court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2006, the court denied Soto-Garcia's motion to exclude evidence on the grounds of a LCrR 16.1(e) violation and instead granted the defendants a continuance to review late disclosed evidence, including the evidence of "other crimes" that was the subject of Soto-Garcia's Rule 404(b) motion.  The court now rules on the admissibility of the challenged evidence under Fed. R. Evid. 404(b).

The grand jury indictment charges Soto-Garcia and his co-defendant, Luis Ortiz-Lara, with knowingly, intentionally, and unlawfully conspiring with others to possess with intent to distribute cocaine during the period from February 2005 to April 4, 2005.  The indictment describes three overt acts, including that, on April 4, 2005, the defendants traveled to a hotel in Salem, New Hampshire, for the purpose of negotiating the purchase of approximately 15 kilograms of cocaine.  On that same day, Soto-Garcia's residence in Lawrence, Massachusetts, was searched by authorities pursuant to a warrant.  The police found quantities of powder cocaine, crack cocaine, and heroin in a hidden compartment in Soto-Garcia's master bedroom.  They also discovered scales and plastic bags.

Soto-Garcia argues that the evidence acquired in this search should be excluded under Rule 404(b) because it is evidence of "other crimes" and can be offered for no other purpose than to

prove Soto-Garcia's propensity for committing drug crimes. Additionally, Soto-Garcia argues that the above evidence should be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice. The government objects, arguing that the evidence collected in the search is not evidence of "other crimes" but is evidence of the crime charged, because it was found in the residence of one of the defendants during the temporal period of the alleged conspiracy.

The court agrees with the government. "Rule 404(b), by its very terms, excludes only <u>extrinsic</u> evidence -- evidence of other crimes, wrongs, or acts -- whose probative value exclusively depends upon a forbidden inference of criminal propensity." <u>United States v. Manning</u>, 79 F.3d 212, 218 (1st Cir. 1996) (internal quotation marks omitted) (emphasis added). The evidence of the quantities of cocaine and other drugs, as well as scales and plastic bags, seized during the time period of the alleged conspiracy, is circumstantial evidence of the crime charged -- conspiring to possess cocaine with intent to distribute. <u>See</u> <u>id.</u> (upholding the admission of drug paraphernalia because it was "intrinsic to the crime of possession with intent to distribute"); <u>United States v. Tutiven</u>, 40 F.3d 1, 5 (1st Cir. 1994) (holding, in a case concerning the

3

possession of stolen vehicles, that the defendant's possession of tools suited for altering vehicle identification numbers, constituted "<u>intrinsic</u> circumstantial evidence <u>directly</u> probative of" the crimes charged) (emphasis in original).

Moreover, even if the court were to consider the above evidence to be "other crimes" evidence, it would fall under some of the Rule 404(b) exceptions to exclusion.  <u>See</u> Fed. R. Evid. 404(b) (permitting the admission of "other crimes" evidence for the purpose of establishing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident").  The existence of drugs and devices consistent with drug distribution at Soto-Garcia's residence is probative of his knowledge and intent, and perhaps of plan and preparation.  <u>See</u> <u>Manning</u>, 79 F.3d at 218.

The court further declines to exclude the evidence under Rule 403.  As explained above, the evidence seized in the search is highly probative of the crime charged and of course it is prejudicial.  However, Soto-Garcia has failed to justify his assertion that the probative value of this evidence is "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

4

<u>Conclusion</u>

For the foregoing reasons, Soto-Garcia's motion to exclude pursuant to Fed. R. Evid. 404(b) (document no. 48) is denied.

SO ORDERED.

                                               /s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

October 24, 2006

cc: Robert B. Carmel-Montes, Esquire
    Donald A. Feith, Esquire
    Tmothy M. Harrington, Esquire
    Michael J. Sheehan, Esquire